UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CR. NO. 21-20459

v.

                             HON. ROBERT H. CLELAND

ROWLAND BANES,

        Defendant.

_____/

## DEFENDANT'S MOTION TO SUPPRESS STATEMENTS OBTAINED IN VIOLATION OF *MIRANDA*

Defendant Rowland Banes, by and through his attorney, Andrew Densemo, of the Federal Community Defender, respectfully moves this Honorable Court to suppress statements Mr. Banes made to Detroit police officers as having been made in violation *Miranda*. In support of his motion, Mr. Banes states:

1. On May 27, 2020, Mr. Banes was taken into custody in connection with an assault that allegedly occurred in Detroit, Michigan.

2. Mr. Banes was arrested while he was seated in his vehicle in front of his apartment building.

3. Mr. Banes was removed from his vehicle, disarmed of his lawfully possessed firearm, and placed in the back of a DPD patrol car which was equipped with video and audio recorder. This recording is Defense Exhibit 1.

4. The arresting officers did not give Mr. Banes *Miranda* warnings. (*See* Ex. 1, 5/27/20 Video at 2:17) (filed in traditional manner)

5. Mr. Banes was detained in the back of the police vehicle for nearly two hours. He was not advised of his *Miranda* rights until approximately one and a half hours after his initial arrest. (*Id.* at 1:09:30.)

6. Within the first several minutes of the interrogation, Mr. Banes states "I need to get a lawyer before I speak to any of ya'll.". (Ex. 1, 5/27/20 Video at 1:06:59)

7. Mr. Banes also stated that "I going to get a lawyer and stop talking." (*Id.* at 1:10:54.)

8. Prior to Mr. Banes being advised of his *Miranda* rights he made several statements while he was being detained. (*Id.* at 2:17 to 1:09:30)

9. During the entire time he was detained in the patrol car, Mr. Banes complained of extreme discomfort.

10. None of the statements made by Mr. Banes are admissible given the absence of Miranda warnings and Mr. Banes' invocation of his right to an attorney.

11. Mr. Banes was detained in the small confinement of a police car, handcuffed behind his back, in sweltering heat for nearly two hours, without being given anything to drink. These conditions, combined with the initial failure to advise

him of his *Miranda* rights and his invocation of the right to counsel after the rights were given, rendered Mr. Banes' statements to the police involuntary.

12. The police officer interrogating Mr. Banes failed to honor his multiple invocations of his right to counsel and continued questioning Mr. Banes.

13. Pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966) and *Edwards v. Arizona*, 451 U.S. 477 (1981), all of these violations, individually and collectively, require suppression of Mr. Banes' statements.

14. The Assistant United States Attorney does not concur in the relief requested.

For the above-stated reasons, Mr. Banes requests that this Court hold a hearing and enter an order suppressing from evidence the interrogation of Mr. Banes' by Detroit police officers on May 27, 2020.

Respectfully Submitted,

**FEDERAL COMMUNITY DEFENDER
EASTERN DISTRICT OF MICHIGAN**

s/Andrew Densemo
ANDREW DENSEMO (P37583)
613 Abbott Street, Suite 500
Detroit, Michigan 48226
(313) 967-5542
andrew_densemo@fd.org

Dated: September 30, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CR. NO. 21-20459

v.

                             HON. ROBERT H. CLELAND

ROWLAND BANES,

        Defendant.

                             /

## **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO SUPPRESS STATEMENTS OBTAINED IN VIOLATION OF *MIRANDA***

### **BACKGROUND**

On May 27, 2020, a federal agent alleged that Rowland Banes assaulted him by pointing a firearm at him. He asked for assistance in arresting Mr. Banes. Detroit police officers responded to the scene. They found Mr. Banes seated in the passenger seat of his vehicle in front of his apartment building. The officers pulled their vehicle close to Mr. Banes' car. They ordered him out of his car. They disarmed and handcuffed him. The officers placed Mr. Banes in the back of their patrol car. The officers did not tell Mr. Banes why he was being arrested and they did not advise him of his *Miranda* rights. (*See* Ex. 1, 5/27/20 Video at 2:17 (filed in traditional manner).) Mr. Banes remained seated in the back of the patrol vehicle for well over an hour. During this time, Mr. Banes repeatedly complained about how hot it was

in the vehicle, how little room there was to move around and displayed the discomfort/pain he was in from being handcuffed in the back. Mr. Banes was also sweating profusely from the heat. (*Id.* at 2:17 to 2:02:52.)

Mr. Banes was finally advised of his Miranda rights. Within the first several minutes of the interrogation, Mr. Banes repeatedly stated that he did not want to answer any questions without an attorney. ("I need to get a lawyer before I speak to any of ya'll"), 1:06:59.) He also stated "I'm getting a lawyer and stop talking." (*Id.* at 1:10:54.)

Despite Mr. Banes' invocation of his right to counsel during police questioning, the police officers proceeded with their interrogation.

## GOVERNING LEGAL STANDARD

In *Edwards v. Arizona*, 451 U.S. 477 (1981), the Supreme Court of the United States established a bright line rule that when a defendant invokes his right to counsel during a custodial interrogation, any further questioning must cease and may not restart unless initiated by the defendant. *Id.* at 484-85; *see also id.* at 485 ("We confirm these views and, to lend them substance, emphasize that it is inconsistent with *Miranda* and its progeny for the authorities, at their instance, to reinterrogate an accused in custody if he has clearly asserted his right to counsel."). This rule recognizes that "additional safeguards are necessary when the accused asks for counsel[.]" *Id.* at 484; *see also Miranda v. Arizona*, 384 U.S. 436, 474 (1966)

(recognizing the assertion of the right to counsel as a significant event and that once exercised by the accused, "the interrogation must cease until an attorney is present")

Importantly, "a valid waiver of [the] right [to counsel] cannot be established by showing only that [the suspect] responded to further police-initiated custodial interrogation[.]" *Edwards*, 451 U.S. at 484; *see also Miranda*, 384 U.S. at 475 ("[A] valid waiver will not be presumed . . . simply from the fact that a confession was in fact eventually obtained.").

## ANALYSIS

**The police officers failed to honor Mr. Banes' invocations of his right to counsel. His mere compliance with their questioning did not constitute a waiver of those invocations and his statements must, therefore, be suppressed.**

At the outset of the interrogation, the police officer who questioned Mr. Banes advised him of his *Miranda* rights. (*See* Ex. 1, 5/27/20 Video at 1:09:30.) However, at 1:06:59 in the video, Mr. Banes told the officer he needed to get a lawyer before he spoke to them. Mr. Banes' repeated this invocation at 1:10:54 of the video.

By continuing to listen to the police officer, Mr. Banes did not waive his *Miranda* rights. Indeed, the absence of a signed waiver form suggests the opposite. *See United States v. Heldt*, 745 F.2d 1275, 1278 (9th Cir. 1984) ("Under some circumstances, declining to sign a *Miranda* waiver form will be an assertion of the right to silence.") (cleaned up) (quotation omitted). *Cf. Hendrix v. Palmer*, 893 F.3d 906, 919 (6th Cir. 2018) (continued questioning violated *Miranda* when defendant

3

invoked rights, and refused to sign an advice of rights form when officer resumed interrogation two days later after reissuing warnings). Further underscoring the absence of a valid waiver, within the first several minutes of the interrogation, Mr. Banes repeatedly stated that he did not want to answer any questions.[1] (Ex. 1, 5/27/20 Video at 1:10:55, ("I'm getting a lawyer and stop talking")  In fact, the officer's continued questioning after Mr. Banes' unequivocal invocations of his right to remain silent provides an independent basis for finding a *Miranda* violation here. *See, e.g.*, *Jones v. Harrington*, 829 F.3d 1128, 1137 (9th Cir. 2016) (continued questioning violated *Miranda* when defendant stated that he "did not want to talk no more").

As the video of the interrogation reveals, Mr. Banes asserted his right to counsel several times. (*Id.* at 1:06:59,1:10:54) These invocations were neither ambiguous or equivocal, nor would they have led "a reasonable officer in light of the circumstances" to understand "only that" Mr. Banes "*might* be invoking the right to counsel[.]" *Davis v. United States*, 512 U.S. 452, 459 (1994). Rather, these

---

[1] Invocation of *Miranda* is not an all-or-nothing proposition. A suspect may choose to waive or to invoke his or her rights selectively, answering some questions but not others. *See, e.g.*, *Michigan v. Mosley*, 423 U.S. 96, 103-04 (1975) ("Through the exercise of his option to terminate questioning he can control the time at which questioning occurs, the subjects discussed, and the duration of the interrogation. The requirement that law enforcement authorities must respect a person's exercise of that option counteracts the coercive pressures of the custodial setting."); *Hurd v. Terhune*, 619 F.3d 1080, 1085 (9th Cir. 2010).

4

explicit invocations satisfied the requirement that a suspect, "at a minimum," make "some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney." *McNeil v. Wisconsin*, 501 U.S. 171, 179 (1991).

Despite Mr. Banes' invocations of his right to counsel, the officer did not stop the interrogation. Rather, he continued questioning Mr. Banes and continued to make statements calculated to elicit responses from Mr. Banes in violation of the bright line rule established in *Edwards*.[2] 451 U.S. at 484-85 (when a defendant invokes his right to counsel during custodial interrogation, any further questioning must cease); *see also Miranda*, 384 U.S. at 474 (once an accused asserts his right to counsel, "the interrogation must cease until an attorney is present").

Mr. Banes never waived his right to counsel. To the contrary, he invoked his right to counsel on multiple occasions, which the officer simply ignored. That Mr. Banes responded to the officer's continued questioning does not establish a valid waiver, as it is axiomatic that "a valid waiver of that right cannot be established by showing only that [the suspect] responded to further police-initiated custodial interrogation[.]" *Edwards*, 451 U.S. at 484. Moreover, although suspects may waive the *Miranda* right to counsel after invoking it, post-invocation responses to further

---

[2] In *Rhode Island v. Innis*, the Supreme Court defined "interrogation" as "express questioning or its functional equivalent." 446 U.S. 291, 300-01 (1980). The functional equivalent of interrogation consists of "words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id.* at 301.

5

interrogation may not be used to cast doubt on the effectiveness of the initial request for counsel. *See Smith v. Illinois*, 469 U.S. 91, 100 (1984) (per curiam) (equivocal responses to interrogation after initial invocation of *Miranda* right to counsel cannot be used to assess clarity of invocation; whether suspect asserts *Miranda* right to counsel and whether that right is later waived are distinct inquiries).

Because Mr. Banes made statements prior to *Miranda* warnings being given and invoked his right to counsel after they were given, his statements were obtained in the absence of a valid waiver. *Edwards* and *Miranda* require their suppression.

## CONCLUSION

For the reasons stated above, Mr. Banes' May 27, 2020, statements must be suppressed.

                                      Respectfully submitted,

                                      **FEDERAL COMMUNITY DEFENDER**
                                      **EASTERN DISTRICT OF MICHIGAN**

                                      *s/Andrew Densemo*
                                      ANDREW DENSEMO (P37583)
                                      Counsel for Rowland Banes
                                      613 Abbott Street, Suite 500
                                      Detroit, Michigan 48226
                                      (313) 967-5542
                                      andrew_densemo@fd.org

Dated: September 30, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,          CR. NO. 21-20459

v.

                                  HON. ROBERT H. CLELAND

ROWLAND BANES,

          Defendant.
_____/

## CERTIFICATE OF SERVICE

    I hereby certify that on September 30, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                Meghan Sweeny Bean
                Assistant U.S. Attorney
                United States Attorney's Office
                211 W. Fort Street, Ste. 2300
                Detroit, Michigan 48226

                **FEDERAL COMMUNITY DEFENDER**
                **EASTERN DISTRICT OF MICHIGAN**

                s/Andrew Densemo
                ANDREW DENSEMO (P37583)
                Attorney for Rowland Banes
                613 Abbott, Suite 500
                Detroit, Michigan 48226
                Phone: 313-967-5829
                E-mail: andrew_densemo@fd.org

Dated: September 30, 2021